[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 30, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16565
Non-Argument Calendar

_____

BIA Nos. A97-185-430 & A97-185-431

JESUS ANTONIO LEMOS,
LINNA JOHANNA LEMOS,

                                                            Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 30, 2007)**

Before ANDERSON, DUBINA  and BARKETT, Circuit Judges.

PER CURIAM:

Jesus Antonio Lemos and Linna Johanna Lemos ("Lemos")[1] petition this court for review of the BIA's denial of his motion for reconsideration of its denial of his motion to reopen. In his petition, Lemos argues that the Board of Immigration Appeals ("BIA") erred by denying his motion to reconsider because some of the evidence could not have been cumulative where it concerned events that occurred after the hearing before the immigration judge ("IJ"). Lemos also argues that the evidence supports that he has a well-founded fear of persecution. Lastly, Lemos argues that the BIA, in finding that the letters did not rebut the adverse credibility findings of the IJ, prejudged the credibility of the declarants who submitted the letters.

"We review the BIA's denial of a motion to reconsider for abuse of discretion." *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). Motions to reconsider are disfavored in removal proceedings. *See INS v. Doherty*, 502 U.S. 314, 323, 112 S. Ct. 719, 724-25 (1992) (discussing motions to reopen and explaining that such motions are disfavored because "as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States"). Our review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Abdi v. U.S. Attorney Gen.*, 430 F.3d

[1]This opinion refers to both petitioners as Lemos.

2

1148, 1149 (11th Cir. 2005) (citation omitted). A properly presented motion to reconsider shall specify "the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R § 1003.2(b)(1); *see also* 8 U.S.C. § 1229a(c)(6).

In this case we conclude from the record that the BIA did not abuse its discretion when it denied Lemos's motion for reconsideration. Lemos alleged a factual error by arguing that the BIA erred in determining that the information contained in the letters was cumulative. However, the BIA only found the statements cumulative "to the extent" they reiterated events that occurred before Lemos left Colombia. The BIA acknowledged that some of the evidence was not cumulative, but concluded that, to the extent the evidence was not cumulative, it was not sufficient to rebut the IJ's adverse credibility finding. Additionally, contrary to Lemos's assertion, the BIA did not judge the credibility of the declarants who submitted the letters that were attached to Lemos's motion to reopen. Instead, the BIA concluded that the non-cumulative information contained in the letters was not sufficient to rebut the IJ's adverse credibility determination. In Lemos's motion to reconsider, he does not allege that the BIA abused its discretion or committed legal error in finding that the non-cumulative evidence submitted with the motion to reopen did not rebut the IJ's adverse credibility finding. Because Lemos, in his motion for reconsideration, did not allege any

3

cognizable factual errors or errors of law in the BIA's decision to deny his motion to reopen, we deny the petition for review.

**PETITION DENIED.**